IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **HSBC BANK USA, NA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 11 C 1566 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| **CAROLINE KENNEDY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff in this mortgage foreclosure case has filed a motion for summary judgment, which is governed by Local Rule 56.1 of the Northern District of Illinois. "For litigants appearing in the Northern District of Illinois, the Rule 56.1 statement is a critical, and required, component of a litigant's response to a motion for summary judgment." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 389 (7th Cir. 2012). Local Rule 56.1 requires a party seeking summary judgment to include with its motion "a statement of material facts as to which the ... party contends there is no genuine issue and that entitle the ... party to a judgment as a matter of law." Local Rule 56.1(a)(3); *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008). Each paragraph must refer to the "affidavits, parts of the record, and other supporting materials" that substantiate the asserted facts. Local Rule 56.1(a)(3); *F.T.C. v. Bay Area Business Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005). The district court is entitled to enforce strict compliance with its local rules regarding summary judgment motions. *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 537 (7th Cir. 2011); *Schmidt v. Eagle Waste & Recycling, Inc.,* 599 F.3d 626, 630 (7th Cir.2010). If the moving party fails to comply with the Rule, the motion can be denied without further consideration. Local Rule 56.1(a)(3); *Smith v. Lamz*, 321 F.3d 680, 682 n.1 (7th Cir. 2003). Here, the plaintiff has not complied

with the Rule, and its motion is denied.

First of all, the plaintiff relies on certain documents to support its motion, including a Note and a Mortgage. None of these documents are admissible as they are not properly authenticated. *See Article II Gun Shop, Inc. v. Gonzales*, 441 F.3d 492, 496 (7th Cir. 2006)("To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence."). The plaintiff belatedly presented in its Reply Brief an affidavit purporting to authenticate the documents. But that is too late. "A reply . . . is for replying," not for doing what ought to have been done in the first place. *Hussein v. Oshkosh Motor Truck Company,* 816 F.2d 348, 360 (7th Cir.1987) (Posner, J., concurring); *Sommerfield v. City of Chicago*, 2012 WL 3779104, 1 (N.D.Ill. 2012)(collecting cases).

Second, although the plaintiff cites the documents in its Local Rule 56.1 submission, it does not provide any specific page references. Instead, for example, it merely cites to the entire seventeen-page Mortgage. (*56.1 Statement of Undisputed Facts*, ¶¶ 6-11). Judges are not prospectors sifting through grains of evidence on the off chance they might find gold. *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991)(Judges are not 'like pigs, hunting for truffles buried in briefs."); *DeSilva v. DiLeonardi,* 181 F.3d 865, 867 (7th Cir.1999)(parties may not ask judges to "play archaeologist with the record."). Local Rule 56.1 requires "specific references" to the record; that means citation to specific pages. *Ammons v. Aramark Uniform Services, Inc.,* 368 F.3d 809, 818 (7th Cir.2004); *Hunt ex rel. Chiovari v. Dart*, 754 F.Supp.2d 962, 980 (N.D.Ill. 2010); *Minemyer v. B-Roc Representatives, Inc.*, 695 F.Supp.2d 797, 803 (N.D.Ill. 2009). The plaintiff has missed that mark throughout its Local Rule 56.1 submission.

Third, the plaintiff's cited documents do not always support its factual assertions. For example, in paragraph 7, the plaintiff asserts that:

> The Mortgage covered the property described as:
>
> LOT 25 IN WEDGEWOOD HIGHLANDS, A SUBDIVISION OF PART OF THE WEST ½ OF THE NORTHEAST 1/4 OF SECTION 25, TOWNSHIP 36 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING SOUTH OF THE CHICAGO BLOOMINGTON ROAD (HADLEY ROAD), ALL IN WILL COUNTY ILLINOIS. (the "Property").

(*56.1 Statement of Facts*, ¶ 7). The Mortgage attached to the plaintiff's Local Rule 56.1 statement includes no such property description. Another example is paragraph 8. There, the plaintiff asserts that the property is commonly known as 12321 Wedgwood Drive, Lockport, Illinois. (*56.1 Statement of Facts*, ¶ 8). As the defendant points out, the address is not in Lockport, but in Homer Glenn. A simple internet search confirms that.

These difficulties are enough to counsel denial of the plaintiff's motion. Moreover, the flaws in the Mortgage raise the specter of the Mortgage perhaps being invalid. *See* 765 ILCS 5/11. This is an issue that the plaintiff will have to address with greater care than was done in its Reply Brief where it dismisses the issue without analysis or citation to pertinent authority. (*Reply in Support of Motion for Summary Judgment*, at 3). The Seventh Circuit has repeatedly warned that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." *Hess v. Kanoski & Associates*, 668 F.3d 446, 455 (7th Cir. 2012); *United States v. Hook,* 471 F.3d 766, 775 (7th Cir.2006); *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012)(one-paragraph argument without citation to case law deemed waived).

3

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for summary judgment [Dkt. # 76] is DENIED. As that motion has failed, the plaintiff's motion to appoint a commissioner for the foreclosure sale [# 79] is DENIED as well.

ENTERED:_____
UNITED STATES MAGISTRATE JUDGE

DATE: 9/19/12